**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1256-15T3

SHAQUANNA ROBINSON, on behalf
of herself and those similarly
situated,

       Plaintiff-Respondent,

  v.

J & C AUTO OUTLET, LLC, and JORGE
CABAN,

       Defendants-Appellants.

_____

Submitted May 23, 2017 — Decided June 9, 2017

Before Judges Fisher and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-1961-13.

Kollar Law, LLC, attorneys for appellants (David M. Koller, on the brief).

Respondent has not filed a brief.

PER CURIAM

    Plaintiff Shaquanna Robinson commenced this action against

defendant J&C Auto Outlet, LLC, and its manager, defendant Jorge

Caban. Plaintiff claimed, on her own behalf, that defendants

misrepresented the condition of a vehicle she purchased. She also asserted — on behalf of herself and a class of others similarly situated — that an unexplained $199 documentary fee was improperly charged.

On February 20, 2015, a judge granted partial summary judgment against J&C only, finding the imposition of the $199 fee violated the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20, the New Jersey Motor Vehicle Sales Practices Regulations, N.J.S.A. 13:45A-26B.3, and the Truth in Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-15. This order, however, did not resolve plaintiff's claim against Caban regarding the $199 fee or the claim against both defendants regarding the vehicle sale to plaintiff.

The trial judge conducted a two-day, non-jury trial in July 2015, rendered an oral opinion on September 24, 2015, and entered judgment on October 9, 2015. The judge found J&C and Caban jointly and severally liable on plaintiff's claim of misrepresentation with regard to the vehicle's condition and awarded compensatory damages, which were trebled. The judge also imposed personal liability on Caban for the damages suffered by the class members.

Defendants appeal,[1] arguing the judge's findings do not support the imposition of individual liability on Caban for the class action damages. We find insufficient merit in defendants' arguments to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), and add only the following brief comments.

The judge made thorough findings regarding the condition of the vehicle and in support of his determination that the CFA was violated by both J&C and Caban with regard to the transaction. The judge found Caban's attempt to refute plaintiff's proofs regarding the vehicle's condition lacked credibility. These findings are fully supported by the evidence and entitled to our deference. Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). Indeed, those rulings have not been challenged on appeal. The appeal instead focuses on the judge's imposition of personal liability on Caban for the regulatory violation regarding the $199 fee.

Defendants' claim that the judge's findings are inadequate regarding Caban's liability for the regulatory violation are largely fueled by the judge's initial omission of this issue in

---

[1] The notice of appeal was filed prior to finality being achieved in the trial court. The October 9, 2015 judgment left unquantified the attorney's fees to which plaintiff was entitled. An order that presumably resolved all remaining issues was entered on January 22, 2016; plaintiff has not sought review of that order.

his oral opinion. After the judge explained why he held Caban personally liable for the fraudulent sale of the vehicle, questions arose about the manner and method for quantifying, at a later date, plaintiff's claim for attorney's fees. After that, as the judge was concluding the proceeding, defense counsel inquired about Caban's personal liability on the class action claims:

> MR. KOLLER: Are you deciding, or have you decided on the individual liability of the class claim?

> THE COURT: It would be the exact same thing, because Mr. Caban is the only person who operated this company. His testimony was he was . . . solely responsible for making all the decisions and supervising the employees, and . . . deciding how much to charge for anything.

The judge's reference to his findings on this point being "the exact same thing," invoked his earlier determination holding Caban personally liable for the damages resulting from the misrepresentation of the vehicle's condition. In those earlier findings, the judge found Caban to be "the manager" of J&C even though Caban's fiancé "is the owner of" J&C. He determined, from Caban's own testimony, that Caban "ran the company," it was "his company," and he was "the person who handled all day[-]to[-]day business activities." So viewed, we are satisfied the judge's findings that Caban solely managed and operated J&C are more than

sufficient to support the imposition of personal liability on all aspects of the class and plaintiff's claims.

We lastly observe that we agree with defendants in one respect worth noting: a determination of personal liability in this or other similar settings may often vary on the particulars of the consumer fraud asserted. That is, a salesman's misrepresentation about a vehicle's condition might generate personal liability for damages resulting therefrom but might not generate personal liability regarding the billing department's inclusion of an improper or unexplained fee. In short, those two wrongful events may arise separately and may often be produced by the conduct of different individuals each of whom should not be held personally responsible for the conduct of the other. There is no such distinction to be drawn here because, as the judge found, Caban made all the decisions and operated all facets of the company. He was the salesman who misrepresented the vehicle's condition to plaintiff and he was the manager who decided to include the unexplained $199 documentary fee.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1256-15T3